# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

CRAIG O. PITTS, )
)
Plaintiff, ) No. 3:12-cv-00390
) Chief Judge Haynes
v. )
)
TENNESSEE DEPARTMENT OF )
HUMAN SERVICES DIVISION OF )
REHABILITATION SERVICES, et al., )
)
Defendants. )

## MEMORANDUM

Plaintiff, Craig O. Pitts, filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., against Defendants, the Tennessee Department of Human Services ("TDHS") and David Holmes. Plaintiff's claims are that Defendants discriminated against him on the basis of race, color, sex, national origin and disability, retaliated against Plaintiff and that Defendants created a hostile work environment.

Before the Court is Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) based upon Plaintiff's failure to state a claim against either the TDHS or David Holmes. (Docket Entry No. 11). Defendants contend, in essence, that Plaintiff fails to allege any discriminatory conduct by TDHS and that individual liability cannot be imposed against Holmes under Title VII or the ADA. Plaintiff's untimely response asserts that he does state a claim against TDHC and Holmes. (Docket Entry No. 13).

### A. Analysis of the Complaint

In his complaint, Plaintiff alleges that Defendants discriminated against him by joking, using racial slurs and intimidation. (Docket Entry No. 1, Complaint). Plaintiff next alleges that Defendants

retaliated against him for his complaints of fraud in the workplace. Id. Plaintiff also alleges that the Defendants created a hostile work environment. Id. As to the facts in support of his claim, Plaintiff's complaint reads as follows:

- Defendant David Holmes frequently jokes about my disabilities.

- Defendant David Holmes frequently used racial slurs, intimidation and made me fearful of him especially concerning the death of a patient on 3-2-2010.

- On one occasion he told me "niggers get uptight sometimes" and started laughing.

- I was treated with bias and unfavorably compared to my co-workers by David Holmes.

- Mr. David Holmes' discrimination against me was ongoing.

- He stated I would not be at my job much longer when I reported fraud.

- He retaliated stating "the women in your department do not complain."

- David Holmes treated me differently than my peers and showed prejudiced actions against me and made my work environment hostile.

Id. at 3.

### B. Conclusions of Law

As to Plaintiff's claims against Holmes, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable" under Title VII. Morries v. Oldham Cnty. Fiscal Ct., 201 F.3d 784, 794 (6th Cir. 2000) (citing Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997)). Here, Plaintiff asserts claims of discrimination against Holmes in his individual capacity. There are not any facts alleged in the complaint that Holmes is an employer, or anything more than an employee or supervisor of TDHS. Thus, the Court concludes that Plaintiff's claims against Holmes should be dismissed.

As to the sufficiency of Plaintiff's remaining claims, in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court reiterated the governing rules for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in <u>Twombly</u>, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.
>
> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' that the pleader is entitled to relief.'
>
> When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 1949-50 (internal citations omitted). As the Sixth Circuit observed in <u>Patterson v. Novartis Pharmaceuticals Corp.</u>, 451 Fed. Appx. 495 (6th Cir. 2011), "[m]erely pleading facts that are

3

consistent with a defendant's liability or that permit the court to infer misconduct is insufficient." Id. at 497 (citing Iqbal, 556 U.S. at 677-78).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 4040 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the Court's "duty to be 'less stringent' with pro se complaints does not require [Court's] to conjure up unpled allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979). Pro se complaints must also satisfy the "facial implausibility" standard articulated in Twombly and Iqbal. Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010).

Defendants contend that Plaintiff fails to state a claim against either TDHS or Holmes because Plaintiff's allegations are merely bare legal conclusions. Defendants cite that Plaintiff fails to allege:

- That TDHS engaged in any illegal conduct;

- That Holmes was an employee of TDHS or had any connection to TDHS;

- That TDHS had any knowledge of the harassment and failed to implement prompt corrective action;

- That Plaintiff was treated differently because of his race, color, national origin, or disability, or how anyone outside of any of these protected classes was treated differently.

(Docket Entry No. 12 at 3-4). Defendants next contend that Plaintiff fails to state a claim of retaliation because fraud is not an employment practice made illegal by Title VII. Id. at 4. In addition, Defendants assert that Plaintiff does not allege he has opposed any practice made an unlawful employment practice by Title VII or that he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. Id.

As to the legal sufficiency of Plaintiff's claims against TDHS, Plaintiff's complaint, as set out supra at 2, alleges ongoing racial slurs and jokes about Plaintiff's disabilities as well as racially disparate treatment by Holmes who is a TDHS employee or supervisor. With such factual allegations, Plaintiff states a plausible claim for a hostile work environment. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 766 (1998) (supervisor); Barrett v. Whirlpool, 556 F.3d 502, 516 (6th Cir. 2009) (by "co-workers or supervisors").

### C. Conclusion

Based upon these facts, the Court concludes that Defendants' motion to dismiss should be denied as to Defendant TDHS.

An appropriate Order is filed herewith.

Entered this the 29th day of November, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court